UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| FNH USA FNS-9 PISTOL, ) | |
| SERIAL NO. GKU0000846 ) | |
| ) | |
| Defendant. ) | |

### VERIFIED COMPLAINT OF FORFEITURE *IN REM*

COMES NOW, Plaintiff the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney, for said district, and brings this verified complaint for forfeiture in a civil action *in rem* against the defendant property, namely: one FNH USA FNS-9 pistol, serial no. GKU0000846 (the "defendant pistol"), and alleges as follows:

### Nature of the Action and the Defendant *In Rem*

1. This *in rem* civil action arises from an investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") of Terrence Lee ("Lee") related to the unlawful possession of the defendant property in violation of Title 18, United States Code, Section 922. The defendant property is subject to forfeiture pursuant to Title 18, United States Code, Section 924 as being involved in or used in knowing commissions of Title 18, United States Code, Sections 922 and 924.

## Jurisdiction and Venue

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, and 28 U.S.C. § 1395(c).

3.  Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. The defendant property was purchased in the Eastern District of Missouri.

4.  Venue is also proper pursuant to 28 U.S.C. § 1395(b) because the defendant property was seized in the Eastern District of Missouri.

## Statutory Framework

5.  Title 18, United States Code, Section 922(g)(1) makes it unlawful for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6.  Title 18, United States Code, Section 922(g)(3) makes it unlawful for a person who is an unlawful user of or addicted to any controlled substance to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

7.  Title 18, United States Code, Section 922(d) makes it unlawful for any person to sell or otherwise dispose of any firearm or any ammunition to any person knowing or having reasonable cause to believe that such person is, *inter alia*, under indictment for, or has been

convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, or is an unlawful user of or addicted to any controlled substance.

8. Title 18, United States Code, Section 922(a)(6) makes it unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition.

9. Pursuant to Title 18, United States Code, Section 924(d), any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(a)(6), (g) or (k), or willful violation of Title 18, United States Code, Section 922(d), shall be subject to seizure and forfeiture.

## Facts Giving Rise to Forfeiture

10. Terrance Lee ("Lee") and Trevon McClelland ("McClelland") both reside in St. Louis, Missouri.

11. Lee and McClelland grew up together and have known each other for more than eight years.

12. In June 2013, McClelland was convicted of felony reckless aggravated battery and criminal discharge of a firearm. As such, McClelland is prohibited by federal law from purchasing and/or possessing a firearm.

13. At all times relevant to this complaint, Lee knew that McClelland was prohibited from purchasing and/or possessing a firearm.

14. At all times relevant to this complaint, both Lee and McClelland were unlawful users of and were addicted to controlled substances, including marijuana. As such, Lee and McClelland are prohibited by federal law from purchasing and/or possessing a firearm.

Lee's Past Purchases of Firearms

15. Between March 15, 2017, and July 6, 2017, Lee purchased at least twelve firearms from various firearms dealers in the Eastern District of Missouri.

16. Lee has made the following purchases of seven firearms from Academy Sports and Outdoors ("Academy Sports") in Manchester, Missouri:

    a. On March 15, 2017, Lee purchased a Smith and Wesson SD40OVE pistol;

    b. On April 14, 2017, Lee purchased two Smith and Wesson SD40OVE pistols;

    c. On April 22, 2017, Lee purchased a Smith and Wesson SD40OVE pistol;

    d. On May 8, 2017, Lee purchased a Smith and Wesson SD40OVE pistol;

    e. On May 19, 2017, Lee purchased a Smith and Wesson SD40OVE pistol; and

    f. On May 22, 2017, Lee purchased a Smith and Wesson SD40OVE pistol.

17. In each of the above listed transactions at Academy Sports, Lee completed paperwork stating that the firearm was being purchased by and for him, and that he was not an unlawful user of, or addicted to, marijuana or any other controlled substance.

18. Lee has made the following purchases of five firearms from All Star Pawn ("All Star Pawn") in Wentzville, Missouri:

    a. On May 3, 2017, Lee purchased a Smith and Wesson semi-automatic pistol from All Star Pawn. At the time of purchase, Lee was accompanied by McClelland.

   b. On May 5, 2017, Lee purchased two Glock pistols from All Star Pawn. At the time of purchase, Lee was accompanied by McClelland.

   c. On June 22, 2017, Lee purchased an HS Products pistol and a Taurus pistol from All Star Pawn. At the time of the purchase, Lee was accompanied by McClelland. Lee and McClelland together inspected several different firearms before Lee finalized the purchase.

  19. In each of the above listed transactions at All Star Pawn, Lee completed paperwork stating that the firearms were being purchased by and for him, and that he was not an unlawful user of, or addicted to, marijuana or any other controlled substance.

Lee's Purchase of the Defendant Pistol for McClelland

  20. On July 6, 2017, Lee arrived at All Star Pawn with two other individuals.

  21. Lee negotiated with an employee of All Star Pawn a purchase price for the defendant pistol.

  22. The defendant pistol is manufactured by FNH USA and was shipped or transported in interstate or foreign commerce.

  23. After negotiating a price, Lee left All Star Pawn to meet with McClelland, whereupon McClelland provided Lee with cash funds to purchase the defendant pistol.

  24. Approximately eleven minutes later, Lee, McClelland, and three other individuals returned to All Star Pawn to complete the purchase of the defendant pistol.

  25. Both Lee and McClelland handled the defendant pistol before Lee paid for it using funds provided to him by McClelland.

26. Lee completed paperwork stating that the defendant pistol was being purchased by and for him, and that he was not an unlawful user of, or addicted to, marijuana or any other controlled substance.

27. The Federal Bureau of Investigation, National Instant Criminal Background Check System (NICS) returned a "delayed" response meaning that the sale of the defendant pistol to Lee could not be completed until additional research was conducted.

28. On or about July 12, 2017, All Star Pawn notified Lee that he had been approved to purchase the defendant pistol. On the same day, Lee, McClelland and another individual arrived at All Star Pawn in the same vehicle to pick up the defendant pistol.

29. Lee, McClelland and the third individual left All Star Pawn and were arrested by law enforcement officers. Upon arrest, officers discovered marijuana on McClelland's person and in the center console of the vehicle, and another Smith and Wesson pistol under the driver's seat of the vehicle.

30. Lee was interviewed by law enforcement officers pursuant to his arrest. During his interview, Lee told officers that he was under the influence of marijuana. Lee told officers that he sold all but one of the firearms that he had previously purchased, but was not able to explain when or to whom he sold them. Lee admitted that the Smith and Wesson pistol found in the center console of the vehicle was his, but that McClelland had handled it.

31. McClelland was also interviewed by law enforcement officers pursuant to his arrest. During his interview, McClelland told officers that he was under the influence of marijuana. McClelland told officers that he has been with Lee to purchase firearms on multiple

occasions and that he regularly handles the firearms purchased by Lee. McClelland made additional statements that he carries firearms.

## COUNT ONE – FORFEITURE
## (18 U.S.C. § 924(d))

32. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

33. McClelland is a convicted felon who knowingly possessed, both actually and constructively, the defendant pistol in violation of Title 18, United States Code, Section 922(g)(1).

34. As such, the defendant property is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g).

## COUNT TWO – FORFEITURE
## (18 U.S.C. § 924(d))

35. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

36. McClelland and Lee are both unlawful users of or are addicted to controlled substances who knowingly possessed the defendant pistol in violation of Title 18, United States Code, Section 922(g)(3).

37. As such, the defendant pistol is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g).

## COUNT THREE – FORFEITURE
## (18 U.S.C. § 924(d))

38.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

39.     Lee purchased the defendant pistol for McClelland knowing and having reasonable cause to believe that McClelland has been convicted of a felony and is an unlawful user of or addicted to a controlled substance in violation of Title 18, United States Code, Sections 922(d)(1) and (3).

40.     As such, the defendant pistol is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any willful violation of Title 18, United States Code, Section 922(d).

## COUNT FOUR – FORFEITURE
## (18 U.S.C. § 924(d))

41.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 31 above as if fully set forth herein.

42.     Lee knowingly made false and fictitious oral and written statements to a licensed dealer of firearms that were intended and likely to deceive when he represented that he was purchasing the defendant pistol for himself, such representation being a material fact to the lawfulness of the sale of the defendant pistol because the defendant pistol was actually being purchased on behalf of McClelland, who is a convicted felon who cannot legally purchase and possess such defendant pistol, all in violation of Title 18, United States Code, Section 922(a)(6).

43.     As such, the defendant pistol is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(a)(6).

## Prayer for Relief

WHEREFORE, Plaintiff prays that notice issue on the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that a warrant of arrest in rem be issued according to law; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## VERIFICATION

I, Special Agent Eric Shelvy, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __3/5/2018__
(date)

_____
Eric Shelvy
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

☜JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.             Example:             U.S. Civil Statute: 47 USC 553
                                                                         Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|                    ,  | ) |          |
|----------------------|---|----------|
| plaintiff,           | ) |          |
|                      | ) |          |
| v.                   | ) | Case No. |
|                      | ) |          |
|                    , | ) |          |
| defendant.           | ) |          |

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐   THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

☐   NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FNH USA FNS-9 PISTOL, | ) | |
| SERIAL NO. GKU0000846, | ) | |
| | ) | |
| Defendant. | ) | |

## WARRANT FOR ARREST OF PROPERTY

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on March 5, 2018, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

                              GREGORY J. LINHARES, CLERK
                              United States District Court

By: _____
     Deputy Clerk

Date: _____